UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CURTIS HILLIARD,

Defendant.

22-CR-82-02 (CM)

DECISION AND ORDER DENYING SENTENCE REDUCTION PURSUANT TO
AMENDMENT 821 OF THE UNITED STATES SENTENCING GUIDELINES MANUAL

McMahon, J.:

On December 15, 2022, Hilliard was sentenced principally to a term of imprisonment of 70 months, for his involvement in a cocaine distribution conspiracy. Hilliard's sentencing guidelines range was 70-87 months' imprisonment, based on an offense level of 27 and criminal history category of 1. The Bureau of Prisons projects that Hilliard will be released from prison on November 16, 2026.

The United States Probation Department has conducted of review of defendants who are currently incarcerated and who might be eligible for a sentencing reduction, pursuant to Amendment 821 to the United States Sentencing Guidelines Manual. Amendment 821 amended the Guidelines in two respects: (1) Part A amends Guidelines § 4A1.1, by reducing from two points to one point the upward adjustment for offenders who committed the instant offense while under any criminal sentence, and by limiting this adjustment to defendants who received seven (7) or more criminal history points; and (2) Part B, amends Guidelines § 4C1.1, by providing a 2-level offense level reduction for offenders with zero (0) criminal history points who meet

1

specified eligibility criteria. The Sentencing Commission made these amendments retroactive effective November 1, 2023.

The Probation Department has determined that Hilliard is eligible for the 2-level offense level reduction for offenders with zero (0) criminal history points. Probation has determined that Hilliard's revised sentencing guidelines range is now 60-71 months' imprisonment, based on an offense level of 25 (applying the 2-level reduction) and criminal history category of 1. Probation also reports that Hilliard has not received any disciplinary infractions while in custody.

The Court finds that the Hilliard is eligible for a sentence reduction and adopts the above calculations as his now applicable Guidelines range.

Notwithstanding Hilliard's eligibility for a sentencing reduction of up to 10-months, the Court declines—in an exercise of its discretion—to reduce his sentence.

Curtis Hilliard, together with his brother Quincy, was a kilogram quantity dealer operating in the vicinity of Kings Towers in Harlem. Hilliard was allowed to plead guilty to a lesser included offense that reduced the statutory mandatory minimum sentence applicable to his case, to 60 months' imprisonment. Hilliard implored the Court at sentencing to impose the mandatory minimum 60-months imprisonment, instead of a sentence within the 71-87 months' Guidelines range, as recommended by both the Probation Department and the Government. Hilliard argued, *inter alia*, that the Court should consider the harsh conditions of confinement he endured while incarcerated at the MDC during the COVID-19 Pandemic, his deep remorse for his conduct, and that he was needed at home to take care of his children. But this Court rejected his plea:

> You described yourself as just a father who wants to get home to his children. So, I'm sentencing you for your involvement in a multiple-kilogram cocaine trafficking operation. You yourself don't seem to have a drug problem. But I'd like you to think for a minute about all the fathers

> who are not present to their children because you were selling not small but huge quantities of drugs on the streets of your neighborhood. I mean, just think about that for a minute. A lot of fathers, a lot of mothers were not there for their children because of you. The word that comes to mind, actually, is selfish. You were selfish. You were a wonderful dad, but how much of what you were able to give to Nyla was paid for with the money from selling the drugs that ruined the lives of all those other fathers and mothers?
>
> So while I'm not insensitive to [Defense Counsel's] plea and while I agree with her that 60 months is a substantial sentence, and while I absolutely believe it to be the case that the MDC is a terrible, horrible, awful place that should not exist on the face of this Earth, I don't see any problem with giving you a sentence at the low end of the guidelines [70 months'], and I think, along with the probation officer, that that is the sentence that's sufficient but not greater than necessary, given the amount of drugs and the period of time over which you were trafficking in them. And that truly is the motivating factor for me. The amount of drugs involved. I've given a lot of people who have pleaded to lesser included offenses that 60-month mandatory minimum, but most of them haven't done as many kilograms as you have. Most of them haven't even done kilograms.

Nothing that has changed since Hilliard's sentencing—not the lowering of his Guidelines calculation, nor his apparent good behavior while incarcerated—alters the Court's belief that the appropriate sentencing in this case was—and should remain—70 months' imprisonment.

The Court has considered anew all of the § 3553(a) factors that it originally considered at sentencing; principal among those considerations in this case are "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" 18 U.S.C. § 3553(a)(1), (2) (A). Hilliard was a leader in a drug trafficking organization that distributed a massive amount of cocaine. His "selfish" conduct destroyed countless lives. The fact that 70 months was at the low end of the Guidelines then but is at the high end now alters nothing because I decided that the correct number of months was 70. Where that number of months fell within the Guidelines was irrelevant and

remains irrelevant; I decided that 70 months was the appropriate sentence. Reducing the sentence of this multi-kilo drug dealer simply because the right number of months now falls at the high end of the Guidelines would only diminish the seriousness of the offense and undermine respect for the law.

Seventy months' incarceration (a sentence within the amended Guidelines) remains for the Court the appropriate sentence.

This constitutes the decision and order of the Court.

_____
Colleen McMahon
United States District Judge

Dated: March 20, 2024
       New York, New York